UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                              )
                                    )
    Thomas W. Dalton, III,          )   Case No. 07-03550-TOM-7
                                    )
                Debtor.              )

*NOT INTENDED FOR PUBLICATION*

MEMORANDUM OPINION

This matter came before the Court for hearing on December 17, 2007 on the Motion to Extend Time to File Complaint Objecting to Dischargeability (the "Motion to Extend") (doc. no. 63) filed by Fusca Capital Management LLC ("Fusca Capital"), 106 Property Group, Dalton Financial Group, Inc. ("Dalton Financial"), Alamo Properties LLC ("Alamo Properties") and Lamar Lackey (collectively, the "Creditors"), the Debtor's Brief in Opposition to Motion to Extend (doc. no. 79), the Letter to Judge Mitchell and supporting documents (doc. no. 80), and the Debtor's Motion to Strike Affidavit and Exhibits (the "Motion to Strike") (doc. no. 81). Appearing at the hearing were Taylor Crockett, counsel for the Debtor, the Debtor, and Edward Sexton, counsel for the Creditors. This Court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court has considered the pleadings and the law and finds and concludes as follows[1].

FINDINGS OF FACT

The Debtor, Thomas W. Dalton, III, d/b/a Dalton Financial Group Inc., filed for chapter 7 protection on August 9, 2007 (the "Petition Date"). Each of the Creditors was listed on Schedule

---

[1] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

D and there is no dispute that each Creditor received notice of the bankruptcy. On the Petition Date, the Clerk's Office sent a notice of the First Creditors' Meeting (the "341 Meeting") which set the 341 Meeting for September 6, 2007 and established November 5, 2007 as the deadline to object to dischargeability. Again, there is no dispute that each Creditor received notice of the both the 341 Meeting and the deadline to object. The 341 Meeting was held on September 6, 2007 and none of the Creditors, nor their counsel, appeared at the meeting. On November 5, 2007, the deadline the object to dischargeability, the Creditors filed their Motion to Extend.

The Motion to Extend was set for hearing on December 3, 2007. At the hearing, counsel for the Debtor, the Debtor, and counsel for the Creditors appeared. At that time, the parties indicated that testimony or evidence was necessary and, at the request of the parties and with their consent, the Court reset the matter for an evidentiary hearing on December 17, 2007. Additionally, also with the consent of counsel, the Court ordered the parties to submit any and all documents, exhibits or case law no later than noon on Friday, December 14, 2007 (see doc. no. 77). The Court further orally ordered that each side serve courtesy copies on chambers.

On December 17, 2007, at 11:51 A.M., the Debtor filed his Brief in Opposition to Motion to Extend and served courtesy copies on chambers. As of noon, nothing had been filed by the Creditors. At 12:35 P.M., after the deadline expired, the Creditors filed a Letter to Judge Mitchell (the "Letter") with supporting documents, including an affidavit of Creditors' counsel. Courtesy copies of the Letter and supporting documents were not served on chambers.

Following the untimely filing of documents by the Creditors, the Debtor filed its Motion to Strike at 5:11 P.M. that same day.

At the hearing on December 17, 2007, counsel for the Debtor, the Debtor, and counsel for the Creditors appeared. Despite the special evidentiary hearing setting, the Creditors presented no witnesses nor offered any evidence.

## MOTION TO STRIKE AFFIDAVIT AND EXHIBITS

On December 4, 2007, following the hearing on December 3, 2007, the Court entered a Notice and Order directing the parties to submit any documents, exhibits or case law by noon on Friday, December 14, 2007, giving the parties and the Court a very brief opportunity to examine any additional filings prior to the Monday, December 17, 2007 hearing. At its core, the Motion to Extend is a motion seeking an extension of the deadline to object to dischargeability. Unfortunately, in seeking additional time and in support of their Motion to Extend, the Creditors failed to comply with this Court's December 4, 2007 order and timely file supporting documents. Additionally, the Creditors filed an affidavit in support of the Motion to Extend. At the hearing, counsel for Creditors, the affiant, appeared and offered no evidence and no testimony but attempted to introduce his late-filed affidavit, untimely filed, where the affiant and counsel were one and the same and where there was no viable way for counsel to serve both as the witness, and be subject to cross-examination, and serve as the attorney. Counsel for the Creditors "proffered"[2] that his office had attempted to file the documents prior to the noon cutoff but had received two error messages before being able to successfully file the documents. Counsel for the Creditors did not have anyone from his office there to testify to this nor did he have any evidence, such as the printouts of the error screen, to corroborate this "proffer." Based

---

[2]The Court uses the word "proffer" lightly given that counsel for the Creditors had no live witnesses to support the proffer and attempted to serve as both the attorney for the Creditors and the fact witness at the same time.

on the untimely filing and the procedural problems presented by the Creditors' failure to produce a witness or submit any admissible evidence, the Debtor's Motion to Strike is due to be granted.

MOTION TO EXTEND

Pursuant to Rule 4004(b), the deadline for objecting to discharge can be extended on motion of any party in interest for cause, provided the motion is filed before the deadline has expired. The deadline to object to discharge was November 5, 2007 and the Motion to Extend was filed that day at 4:51 P.M. The Motion to Extend is timely; however, the issue is whether cause exists to extend the deadline.

Cause is not defined in the Bankruptcy Code. In facing the same issue, the court in In re Ballas, 342 B.R. 853 (Bankr. N.D. Fla. 2005), *aff'd*, 212 Fed. Appx. 867 (11th Cir. 2006) ( not intended for publication) listed numerous factors that should be used to determine if "cause" exists. Among those, the Ballas court considered: (1) whether the debtor refused, in bad faith, to cooperate with the creditor, (2) whether the creditor had sufficient notice of the deadline and information to file an objection, (3) the possibility that the proceeding, if held in another forum, could result in collateral estoppel, (4) whether the creditor exercised due diligence, and (5) the complexity of the case. Id. at 856. Among those factors, the Ballas court found that the most important factor was whether the creditor exercised due diligence. Id.

In this case, no formal discovery requests were made on behalf of any of the Creditors nor were any motions for Rule 2004 examination, notices of deposition or requests for production filed. None of the Creditors nor their counsel appeared at the 341 Meeting, a prime opportunity to gather information while the Debtor was under oath and to request documents and other discovery materials. Even considering all documents filed, without regard to the Motion to

Strike, at best, counsel for the Creditors sent five email "discovery" requests to counsel for the Debtor , prior to the deadline, which were dated October 18, 2007, October 23, 2007, October 26, 2007, October 29, 2007 and November 2, 2007. The first email or "request" for discovery was made sixty-nine days after the filing of the case and only nineteen days prior to the deadline to file a complaint objecting to discharge. The dischargeability deadline is strictly enforced and any requested extension should be reviewed carefully, especially if the Debtor objects. In this Court's view, these informal "discovery" requests to Debtor's counsel are not sufficient for this Court to find that the Creditors exercised due diligence prior to the deadline.

Further, there is no evidence to indicate that the Debtor refused to cooperate. Each email request contains a response from which it appears Debtor's counsel fully cooperated. Likewise, with respect to whether the Creditors received notice, it is not contested that the Creditors received notice of the bankruptcy filing, of the 341 Meeting and of the deadline to object.

With respect to the complexity of any alleged cause of action, counsel for the Debtor, at the hearing, "proffered" that the causes of action would be brought pursuant to Sections 523 and 727 for breach of fiduciary duties. The Court fails to see how this presents a complex issue of law. The Court's understanding[3] of the Creditors' composition is this: (1) 106 Property Group is owned 25% by Lamar Lackey, 25% by Dalton Financial, and 50% by an un-related third party with Mr. Lackey serving as the primary financial partner, (2) Alamo Properties is owned 50% by Lamar Lackey and 50% by Dalton Financial with Mr. Lackey serving as the primary financial partner, (3) Fusca Management is owned again 50% by Lamar Lackey and 50% by Dalton

---

[3]The Court takes the information set forth below, stated in open Court by Debtor's counsel, as a stipulation of fact between the parties. Creditors' counsel raised no objections to the information and did not dispute it.

Financial with Mr. Lackey serving as the primary financial officer, and (4) Dalton Financial is owned 50% by Tom Dalton, the Debtor, and 50% by an WBSRRE, LLC, which is 100% controlled by Lamar Lackey, with the Debtor serving as the primary financial officer of Dalton Financial. In those instance where Mr. Lackey is the primary financial officer, it is this Court's understanding that Mr. Lackey controlled the checkbooks and the Debtor handled leasing, maintenance and contractor issues. With respect to Dalton Financial, it is this Court's understanding that the Debtor was both the primary financial officer and the day-to-day manager. To the extent the Creditors needed information with respect to 106 Property Group, Alamo Properties or Fusca Management, those documents would have been in the control of Mr. Lackey. To the extent the Creditors sought and were unable to obtain documents from Dalton Financial, Dalton Financial is not a debtor in this case or in any case pending in this district and documents relating to Dalton Financial are not relevant to any discharge this Debtor may receive.

Based on all of the above factors, the Court finds that the Motion to Extend, even considering the previously excluded Letter and supporting documents, including the affidavit and taking the allegations and information represented therein as true, is due to be denied as this Court cannot find cause to extend the deadline based on the facts of this case.

A separate order, consistent with this Memorandum Opinion, and pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure, will be entered.

Dated this the 20th day of December, 2007.

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL

United States Bankruptcy Judge